Randy Nussbaum (SBN 006417)
Randy.Nussbaum@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

TODD MICHAEL STEVENSON,

    Debtor.

Case No. 2-18-bk-06980-MCW

Chapter 7

**MOTION TO APPROVE SETTLEMENT BETWEEN THE DEBTOR, AMAZON CAPITAL SERVICES, INC., AND AMAZON SERVICES, LLC**

    Todd Michael Stevenson (the "**Debtor**"), by and through his undersigned counsel, hereby files this motion (this "**Motion**") for entry of an order approving that certain Settlement Agreement (the "**Settlement Agreement**") between the Debtor, Amazon Capital Services, Inc. ("**ACS**"), and Amazon Services, LLC ("**Amazon Services**" and, together with ACS, "**Amazon**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. A copy of the Settlement Agreement is attached hereto as <u>Exhibit A</u> and is incorporated herein by this reference. In support of this Motion, the Debtor states as follows:

**STATEMENT OF FACTS**

    1.    On June 15, 2018, the Debtor commenced the above-captioned bankruptcy case (the "**Bankruptcy Case**").

    2.    The Debtor is the sole owner and President of Valley Furniture Liquidators, Inc. d/b/a Furniture Creations, which was a third-party seller on Amazon.com.

    3.    On October 30, 2018, ACS and Amazon Services filed proofs of claim in the Debtor's bankruptcy case. *See* ECF Nos. 12 and 13. ACS filed a claim in the amount of

Case 2:18-bk-06980-MCW    Doc 54    Filed 01/17/19    Entered 01/17/19 15:01:34    Desc
Main Document     Page 1 of 12

$698,167.18 (the "**ACS Proof of Claim**"). *See* ECF No. 12. Amazon Services filed a claim in the amount of $1,567,867.27 (the "**Amazon Services Proof of Claim**" and, together with the ACS Proof of Claim, the "**Amazon Claims**"). *See* ECF No. 13.

4. Mr. Stevenson and Amazon (collectively, the "**Parties**") are represented by counsel and negotiated an agreement to settle the Amazon Claims.

5. The Debtor believes that the terms of the Settlement Agreement are fair and equitable and that a negotiated resolution of the pending disputes with Amazon is in the best interest of the Debtor's bankruptcy estate and his creditors.

## LEGAL ANALYSIS

"On motion by the [debtor] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "The bankruptcy court has great latitude in approving compromise agreements" that are fair and equitable. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). "The law favors compromise and not litigation for its own sake[.]" *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986). A bankruptcy judge may approve a settlement in a liquidation proceeding if the settlement is in the estate's best interests. *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987) (citing *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

The Court of Appeals for the Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement is fair and equitable: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises." *In re Woodson*, 839 F.2d at 620 (citations omitted).

A settlement need not serve, or even touch upon, each of the aforementioned factors in order to be approved, "provided that the factors as a whole favor approving the settlement." *In re Pacific Gas & Electric Co.*, 304 B.R. 395, 417 (N.D. Cal. 2004). The responsibility of the bankruptcy judge is to canvass the issues to determine whether the settlement falls below the lowest point in the range of reasonableness, not to decide the numerous questions of law and fact that may be raised regarding the settlement. *Id.* (quoting *In re Drexel Burnham Lambert Group,*

*Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991)); *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Schmitt*, 215 B.R. 417, 423 (9th Cir. BAP 1997). While the Court should consider "the reasonable views of creditors, objections do not rule. It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding, Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

The Settlement Agreement is fair, equitable, and beneficial to the Debtor's bankruptcy estate and his creditors and should be approved by the Court. Continued litigation with Amazon would be expensive and would impose a considerable burden on the Debtor and his bankruptcy estate. The settlement has been reached by mutual consent of the Debtor and Amazon and will resolve the Amazon Claims, thereby avoiding the need for costly and burdensome litigation. The settlement amount is reasonable and will not be paid with assets of the Debtor's bankruptcy estate. Accordingly, the settlement will not have any significant adverse impact on the Debtor's bankruptcy estate or his other creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

A. Approving the Settlement Agreement in full and approving and ratifying the Debtor's execution thereof;

B. Authorizing the Debtor and Amazon to take any actions, execute any documents, and make any filings necessary to implement the Settlement Agreement; and

C. Granting any other or further relief that the Court deems necessary or appropriate.

DATED: January 17, 2019

SACKS TIERNEY P.A.

By: */s/ Randy Nussbaum*
Randy Nussbaum
*Attorneys for Debtor*

| | |
|---|---|
| 1 | COPY OF THE FOREGOING |
| 2 | mailed this 17th day of January 2019 to: |
| 3 | all parties listed in Master Mailing List |
| 4 | */s/ Heidi Scheving-Nelson* |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

**Exhibit A**

Settlement Agreement

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the date of the last signature below (the "Effective Date"), by and between Amazon Capital Services, Inc. ("ACS") and Amazon Services LLC ("Amazon Services" and together with ACS, "Amazon"), and Todd Michael Stevenson. Amazon and Mr. Stevenson may at times in this Agreement be referred to individually as a "Party" or collectively as the "Parties."

## RECITALS

A. Valley Furniture Liquidators, Inc. d/b/a Furniture Creations ("Valley Furniture") was a third-party seller on Amazon.com. Mr. Stevenson is the sole owner and President of Valley Furniture.

B. On February 12, 2018, Valley Furniture borrowed $750,000.00 from ACS (the "Loan"). To obtain the Loan, Mr. Stevenson certified, among other things, that all loan proceeds would be "used to directly support [Valley Furniture's] selling business on Amazon," and "agree[d] to be bound by the Loan Agreement." On or about April 9, 2018, Valley Furniture defaulted on the Loan.

C. Amazon alleges that starting in February 2018, Valley Furniture, through its owner Mr. Stevenson, listed, sold and fraudulently claimed it shipped approximately $1.5 million of inventory to customers. Amazon asserts it has been damaged by Valley Furniture's and Mr. Stevenson's actions in the amount of $1,567,867.27, which includes the disbursements Amazon made to Valley Furniture for the fraudulent sales and refunds Amazon made to customers.

D. On April 16, 2018, Valley Furniture filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for Arizona (the "Bankruptcy Court"), styled *In re Valley Furniture Liquidators, Inc.*, Case No. 2:18-bk-03982-BKM (the "Valley Furniture Bankruptcy").

E. On June 15, 2018, Mr. Stevenson filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, styled *In re Todd Michael Stevenson*, Case No. 2:18-bk-06980-MCW (the "Stevenson Bankruptcy").

F. Amazon filed proofs of claim against both Valley Furniture and Mr. Stevenson. *See* Case No. 2:18-bk-03982, Claim Nos. 34 and 35; Case No. 2:18-bk-06980, Claim Nos. 12 and 13 (collectively the "Amazon Bankruptcy Claims"). The Amazon Bankruptcy Claims are based on Valley Furniture's default on the Loan, Mr. Stevenson's false representations to ACS to obtain the Loan, and Mr. Stevenson and Valley Furniture fraudulently claiming shipment of inventory to customers to induce Amazon to collect funds from Amazon customers and then make disbursements to Valley Furniture for those fraudulent sales. Amazon asserts it is owed not less than $2,266,034.45 from Valley Furniture and Mr. Stevenson.

G. Mr. Stevenson denies liability for the Amazon Bankruptcy Claims.

H. The Parties now desire and intend to resolve, without further legal proceedings, the Amazon Bankruptcy Claims against Mr. Stevenson only, and to settle the same according to

1

the terms and conditions of this Agreement. The Parties agree that it is in their mutual interest to resolve the Amazon Bankruptcy Claims privately without the need for further litigation.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree to the following settlement, subject to Court approval, under the following terms and conditions.

## TERMS

1. **Bankruptcy Court Approval Required.** Following the Effective Date, the Parties through their counsel shall promptly file a motion in the Stevenson Bankruptcy for an order from the Bankruptcy Court approving the Agreement. "Bankruptcy Court Approval" means that the Bankruptcy Court enters a final and non-appealable order in the Bankruptcy Case, which approves this Agreement.

2. **Settlement Amount.** Mr. Stevenson agrees to pay Amazon a total of Two Hundred and Thirty-Five Thousand Dollars ($235,000) (the "Settlement Amount"). Mr. Stevenson agrees to pay the Settlement Amount as follows:

    a. *Initial Payment.* Mr. Stevenson shall pay the sum of $175,000 within 14 days of the Effective Date.

    b. *Installment Payments.* Mr. Stevenson shall also pay the sum of $60,000 to Amazon. This sum shall be paid in monthly installment payments in the amount of $1,000.00 per month for 60 consecutive months. The first payment shall be due on the 15th day of the calendar month following the month in which the Initial Payment is due, and the remaining payments shall be due on the 15th day of each month thereafter until all payments have been made.

3. **Manner of Payment.** All payments due under this Agreement shall be made using either of the following methods, and shall be delivered on or before the date that payment becomes due:

    a. by check, payable to Davis Wright Tremaine LLP, transmitted by overnight delivery or hand-delivered to John Goldmark, Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, Washington 98104; or

    b. by wire transfer, which must include a reference to "Amazon, In re Valley Furniture Liquidators, Inc. (C/M 51461-2143)" and be directed to the following, provided that notice of the wire transfer is provided by email to JohnGoldmark@dwt.com:

    > Beneficiary name: Davis Wright Tremaine LLP
    > Account number: 000 050 033 414
    > Beneficiary bank: Bank of America, Westlake Park Branch
    > ABA#: 026 009 593
    > SWIFT: BOFAUS3N

2

4. **Interest**. If any payment described above is not made and delivered on the date that payment becomes due and in the manner specified above, Mr. Stevenson shall owe and pay to Amazon, in addition to the amount not properly paid, simple interest at a rate of 12% per annum (the "Daily Interest Rate") for the period in days until such payment is made.

5. **Returned Payment Charge**. If any payment made by check, as described above, is dishonored or returned unpaid, whether by reason of insufficient funds or otherwise, Mr. Stevenson shall owe and pay to Amazon, in addition to the amount not properly paid, a fee of $100.00 (an "NSF Fee"). The amount not properly paid and the NSF Fee shall, as of the date the original payment was due, accrue simple interest at the Daily Interest Rate for the period in days until such payment is properly made.

6. **Deficiency**. The Parties agree that any portion of the Amazon Bankruptcy Claims that remains unpaid after payment of the Settlement Amount to Amazon (the "Deficiency") is limited to distributions made by the bankruptcy trustees in the Stevenson Bankruptcy and Valley Furniture Bankruptcy in accordance with the bankruptcy code, 11 U.S.C. §§ 101, *et. seq.*

7. **Non-Dischargeability**. The Parties agree that the Settlement Amount, and any amount due under the Agreement in connection with the Settlement Amount, including without limitation interest, NSF Fee, costs, and/or attorneys' fees incurred (if any), shall not be discharged pursuant to section 523(a)(2) of the Bankruptcy Code as part of the Stevenson Bankruptcy. The Parties further agree that an additional portion of the Amazon Bankruptcy Claims in the amount of $265,000 shall also not be discharged pursuant section 523(a)(2) of the Bankruptcy Code as part of the Stevenson Bankruptcy, provided however, that after payment of the Settlement Amount, Amazon will waive any right to collect payment from Mr. Stevenson for the additional $265,000. The remaining portion of the Amazon Bankruptcy Claims, shall be discharged pursuant to a discharge order entered by the Bankruptcy Code in the Stevenson Bankruptcy. If, however, a discharge order is not entered in the Stevenson Bankruptcy, or if Todd Stevenson is denied a bankruptcy discharge, or waives his bankruptcy discharge, Amazon shall be entitled to seek payment of the full amount owed to Amazon, and reserves its right to collect that amount from Mr. Stevenson.

8. **Default, Acceleration, and Entry of Judgment**. In the event that any payment due under this Agreement is not properly paid to Amazon within thirty (30) days of the date such payment is due, Mr. Stevenson shall be in default under this Agreement. Upon such default, all amounts due under this Agreement, including without limitation the Settlement Amount (less any payments made by Mr. Stevenson), the additional $265,000 that is non-dischargeable pursuant to paragraph 7, interest, NSF Fee, costs, and/or attorneys' fees incurred (if any), shall become due and payable immediately, and shall begin accruing simple interest at the Daily Interest Rate for the period in days until all amounts due under this Agreement are paid. Additionally, after such default and after Mr. Stevenson's failure to cure such default within five (5) days of receipt of written notice of such default from Amazon, Amazon shall be entitled to obtain a judgment against Mr. Stevenson for the total remaining amount due under this Agreement, plus interest and any costs and attorneys' fees incurred in obtaining such judgment. The Parties agree that any notice of default sent by Amazon to Mr. Stevenson and any action taken by Amazon to obtain a judgment consistent with this paragraph shall not in any way violate the automatic stay for the Stevenson Bankruptcy. Amazon shall be entitled to collect on

3

that judgment under any applicable laws, provided however, that Amazon may not collect on that judgment against any property of the bankruptcy estate for the Stevenson Bankruptcy while the Stevenson Bankruptcy is still open. Amazon's exercise of its rights and remedies under this paragraph shall not substitute for, displace, or alter in any way the other rights and remedies Amazon has stemming from Mr. Stevenson's breach of this Agreement.

9. **Releases**. Effective upon Amazon's timely receipt of the Settlement Amount, and in consideration of the mutual agreements, promises, covenants, and representations of the Parties under this Agreement, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties and their respective past, present and future parents, subsidiaries, affiliates, divisions, officers, directors, owners, principals, members, partners, equity holders, agents, employees, representatives, trustees, marital communities, subcontractors and associations, and each of their predecessors, successors, and assigns, and each of them, hereby release and forever discharge each other and their respective past, present and future parents, subsidiaries, affiliates, divisions, officers, directors, owners, principals, members, partners, equity holders, agents, insurers, employees, representatives, trustees, marital communities, subcontractors, associations, attorneys, and insurers, and each of their predecessors, successors, and assigns, from any and all manner of actions, claims, demands, liabilities, losses, liens, license fees, attorneys' fees, costs, obligations, and expenses of any nature whatsoever, whether arising in law or equity, known or unknown, alleged or which could have been alleged, asserted or unasserted, arising from, connected with, or in any way related to the Amazon Bankruptcy Claims. This mutual release does not include actions to enforce the terms of the Agreement or damages arising from any breach thereof, or to any conduct that occurs after the Effective Date. This mutual release does not affect or otherwise preclude Amazon from enforcing its rights against Valley Furniture, or any other entity or individual, in connection with the Amazon Bankruptcy Claims. The Parties hereby represent and warrant that none of them has assigned, or otherwise conveyed, in whole or in part, to any person or entity, any claim or right that any of them has, may have, or had, that is released pursuant to this Agreement.

10. **Notices**. All notices Mr. Stevenson provides to Amazon under this Agreement shall be made by email and U.S. Postal Service priority mail having a record of receipt and addressed as follows:

> Lauren Dorsett and John Goldmark, Esquire
> Davis Wright Tremaine LLP
> 920 Fifth Avenue, Suite 3300
> Seattle, WA 98101
> Email: laurendorsett@dwt.com
> johngoldmark@dwt.com

All notices Amazon provides to Mr. Stevenson under this Agreement shall be made by email and U.S. Postal Service priority mail having a record of receipt and addressed as follows:

> Randy Nussbaum, Esquire
> Sacks Tierney P.A.
> 4250 North Drinkwater Boulevard, Fourth Floor

Scottsdale, AR 85251-3693
Email: randy.nussbaum@sackstierney.com

Notices provided under this Paragraph shall be deemed effective immediately upon completion of successful email transmission and deposit into any U.S. Postal Service post office or mailbox.

11. **No Admission.** The Parties agree that the execution of this Agreement is done entirely for the purpose of a compromise and settlement of a bona fide dispute. Neither the consideration set forth above, nor the compromise and settlement of this dispute, nor anything contained in this Agreement, shall be construed to be an admission of liability by any Party to any other Party or to any other person or entity.

12. **Governing Law.** This Agreement shall be construed, performed, and enforced in accordance with, and governed by, the laws of the State of Washington and applicable federal law, without regard to any choice of law principles.

13. **Jurisdiction & Venue.** The Parties agree and consent to exclusive jurisdiction (including without limitation personal jurisdiction) and venue in the state and federal courts of Seattle, Washington for the adjudication of any dispute arising from or relating to this Agreement.

14. **Full Understanding; Independent Counsel.** The Parties each acknowledge and agree (i) they have reviewed this Agreement in its entirety; (ii) they understand this Agreement; (iii) they had the opportunity to consult with their independent counsel as to this Agreement; (iv) this Agreement adequately and correctly reflects their respective understandings of their agreements as to this subject matter; and (v) they are executing this Agreement voluntarily and of their own free will.

15. **Construction.** This Agreement is the product of full and fair negotiations between the Parties. Neither Party shall be deemed the drafter of the Agreement, nor shall either Party have the Agreement construed for or against it on that ground.

16. **Authority.** The Parties each represent and warrant they have full power and actual authority to enter into this Agreement and to carry out all actions required of them by this Agreement. All persons executing this Agreement in representative capacities represent and warrant that they have full power and authority to bind the persons or entities for which they are executing the Agreement.

17. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their respective parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, equity holders, employees, agents and representatives. The Parties agree that any assignee or successor in interest of any Party shall have all of the rights and obligations accorded such entities' assignor or predecessor in interest under this Agreement.

18. **Binding Effect.** This Agreement shall bind and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns.

5

19. **No Third-Party Beneficiaries**. This Agreement is not intended to benefit any other person or entity, and no person or entity not a Party to this Agreement shall have any third-party beneficiary or other rights hereunder.

20. **Counterparts**. This Agreement may be executed in identical counterparts, and by facsimile or copies sent by e-mail attachment, all of which taken together shall constitute the Agreement.

21. **Waiver**. The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

22. **Severability**. If any provision, or portion of this Agreement is held by a court of competent jurisdiction to be invalid under any applicable statute or rule of law, the Parties agree that such invalidity shall not affect the validity of the remaining portions of this Agreement and further agree to substitute for the invalid provision a valid provision which most closely approximates the intent and effect of the invalid provision.

23. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter described herein, and supersedes all prior agreements and undertakings, both written and oral, between the Parties with respect to that subject matter.

[SIGNATURE PAGE TO FOLLOW]

**AMAZON CAPITAL SERVICES, INC.**

By _[signature]_
[Print Name/Title] Ellen Kinney, Vice President
Date 1/11/2019


**AMAZON SERVICES LLC**

By _[signature]_
[Print Name/Title] Ellen Kinney, Vice President
Date 1/11/2019


**TODD MICHAEL STEVENSON**

By _[signature]_
[Print Name] Todd Michael Stevenson
Date 1/7/2019

7